IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


OTTO D. HARTMAN, #165820,
    Plaintiff,

vs.                                          Case No.: 4:05cv209/MMP/EMT

STATE OF FLORIDA,
CHARLES V. CRIST,
    Defendants.
_____/

**REPORT AND RECOMMENDATION**

        This matter is before the court on Plaintiff's amended civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 20). Leave to proceed in forma pauperis has been granted (Doc. 6).

        Plaintiff, an inmate at Union Correctional Institution, names two Defendants in this action, the State of Florida and Charles Crist, Attorney General for the State of Florida (Doc. 20 at 1, 2). Plaintiff claims that the Florida Rules of Evidence are applied in a discriminatory manner because in some criminal trials, such as his, evidence of diminished mental capacity is not permitted; however, in other criminal trials, defendants are permitted to use identical evidence to support an involuntary intoxication defense, and prosecutors are permitted to use such evidence to show a victim's diminished capacity when such is an essential element of the offense (*id*.). Plaintiff claims that the State's permitting such evidence in some criminal trials and not others violates the Equal Protection Clause (*id*. at 7-8). Plaintiff seeks declaratory and injunctive relief against the State of Florida and Attorney General Crist, as counsel for the State (*id*. at 8). He, specifically seeks a declaration that the State's treatment of diminished capacity evidence is discriminatory, and an injunction enjoining the State from subjecting him to unequal treatment in the future (*id*. at 8).

        Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be

granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."   28 U.S.C.A.  § 1915(e)(2)(B).  A complaint is frivolous under section 1915(d) "where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.* at 327, 109 S.Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless."  Denton v. Hernandez, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997).  The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).  The complaint may be dismissed only if it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief.  Brown v. Budget Rent-A-Car Systems, Inc., 119 F.3d 922, 923 (11th Cir. 1997).  Upon review of the complaint, the court concludes that dismissal of Plaintiff's claims is warranted.

Initially, it is well established that a state is not a person within the meaning of 42 U.S.C. § 1983.  Will v. Michigan Dep't. of State Police, 491 U.S. 58, 64, 109 S.Ct. 2304, 2308, 105 L.Ed.2d 45 (1989).  Therefore, the State of Florida is not a proper Defendant in this action.

Furthermore, to establish an equal protection claim, Plaintiff must demonstrate that similarly situated persons unreasonably or arbitrarily suffered different treatment by a state actor.  *See* Nordlinger v. Hahn, 505 U.S. 1, 112 S.Ct. 2326, 2331, 120 L.Ed.2d 1 (1992); Hendking v. Smith, 781 F.2d 850 (11th Cir. 1986).  Moreover, Plaintiff must allege that Defendants acted with the intent to discriminate against him.  *See* McClesky v. Kemp, 481 U.S. 279, 292, 107 S.Ct. 1756, 1767, 95 L.Ed.2d 262 (1987); E & T Realty v. Strickland, 830 F.2d 1107, 1112  and n.5 (11th Cir. 1987), *cert. denied*, 485 U.S. 961, 108 S.Ct. 1225, 99 L.Ed.2d 425 (1988).  It is insufficient for Plaintiff to merely put forth a personal belief that discriminatory intent was present.  *See* Wilson v. Seiter, 893 F.2d 1336, 1990 WL 1125, at *3 (6th Cir. 1990) (Table, Text in Westlaw).

In the instant case, Plaintiff admits that the situations in which evidence of diminished capacity is admitted at trial, for example, where a defendant asserts an involuntary intoxication defense or where a victim's mental capacity is an essential element of the crime, are different than

his. Furthermore, as discussed *supra*, to prevail on a claim that a Defendant unequally applied a facially neutral law, Plaintiff must allege facts showing intentional discrimination. *See* E & T Realty, 830 F.2d at 1112. In the instant case, Plaintiff does not allege, nor do the facts suggest, that Defendants acted with the intent to discriminate against him. Thus, under no set of facts can he establish an equal protection violation.

Accordingly, it is respectfully **RECOMMENDED**:

That this action be **DISMISSED WITH PREJUDICE** for Plaintiff's failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

At Pensacola, Florida this 21st day of March 2006.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**