IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


OTTO DONNIE HARTMAN,

    Plaintiff,
v.                                           CASE NO. 4:05-cv-00209-MP-EMT

CHARLES V. CRIST,
STATE OF FLORIDA,

    Defendants.

_____/

**O R D E R**

This matter is before the Court on Doc. 21, Report and Recommendation of the Magistrate Judge, recommending that this case be dismissed with prejudice for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Magistrate Judge filed the Report and Recommendation on Tuesday, March 21, 2006. The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections. Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a *de novo* review of those portions to which an objection has been made.

Plaintiff has filed objections to the Magistrate's Report, Doc. 22. In his objections, the Plaintiff claims that the Magistrate erred in conducting a frivolousness review in accordance with 28 U.S.C. § 1915(e)(2). In support of his argument, Plaintiff cites a case in which the Eighth Circuit Court of Appeals held that a district court erred district court erred in conducting a frivolousness review in a case where the prisoner had originally filed in forma pauperis but later paid the full filing fee. Hake v. Clarke, 91 F.3d 1129 (8th Cir. 1996). This case, however, is not binding precedent in the Eleventh Circuit. The express wording of 28 U.S.C. § 1915(e)(2)

provides that:

> *Notwithstanding any filing fee, or any portion thereof, that may have been paid*, the court shall dismiss the case at any time if the court determines that--
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal--
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

(emphasis added). Plaintiff was granted leave to proceed in forma pauperis. Doc. 6. While he later paid the filing fee, his claim was still subject to a frivolousness review by the Magistrate.

Additionally, Plaintiff's argument that the State of Florida is a proper defendant in a § 1983 action is without merit. See Will v. Michigan Dep't. of State Police, 491 U.S. 58, 64 (1989). Finally, as correctly stated in the Magistrate's Report, Plaintiff has failed to establish the necessary elements for an equal protection claim. See Doc. 21 at 2-3. There is no evidence in the record that similarly situated persons unreasonably or arbitrarily suffered different treatment by a state actor. Furthermore, prosecutors and defendants are not similarly situated persons for purposes of an equal protection claim. Therefore, having considered the Report and Recommendation and all objections thereto filed, I have determined that the Report and Recommendation should be ADOPTED. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation is adopted and incorporated by reference in this order.

2. This action is dismissed with prejudice.

**DONE AND ORDERED** this   *20th* day of June, 2006

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge